IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-12-0104 |
| | * | |
| SHERMAN MICHAEL KEMP | * | |

**********

## MEMORANDUM

Now pending is a motion to reduce sentence based on Amendment 782 to the Sentencing Guidelines filed by federal prison inmate Sherman Michael Kemp. (ECF 33). The government has opposed the motion, and Kemp has filed a reply. For the reasons set forth below, the motion will be denied.

Kemp pled guilty on November 6, 2013, to conspiracy to distribute and possess with intent to distribute heroin. He was sentenced the same day, pursuant to an agreement under Rule 11(c)(1)(C), to 120 months in the custody of the Bureau of Prisons. (J&C, ECF 30). Kemp already was serving a lengthy federal sentence, and his offense before this court involved distribution of heroin smuggled into FCI Beckley, West Virginia, where he was incarcerated. (Plea Agreement, ECF 28 at 4).

Kemp now seeks to have his sentence reduced pursuant to 18 USC § 3582(c) and Amendment 782 to the Sentencing Guidelines, which reduced by two the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1. It is clear from the record, however, that Kemp's sentence was not based on the drug quantity guidelines. Rather he was determined to be a career offender under 4B1.1, with an offense level of 29, a criminal history category of VI, and

an advisory guideline range of 151 to 188 months.[1]  Recognizing that the guideline range is just one factor to be considered, the court accepted and imposed the agreed upon sentence, which was below the career offender guidelines, running six of the years concurrent with the sentence Kemp was serving – in effect a four-year sanction for the new offense.[2]

Because the sentence imposed in 2013 was not based on the drug quantity guidelines, there is no basis to apply a two-level reduction or to reduce the sentence to the 12-18 months (or 72 months) concurrent that Kemp requests. (ECF 37 at 3-4).[3]  While the court appreciates that Kemp apparently has done well in the Bureau of Prisons, (ECF 44), the motion must be Denied. A separate Order follows.

\_\_10/7/21_____           _____/S/ CCB_____
Date                                                                          Catherine C. Blake
                                                                              United States District Judge

---

[1] Kemp argues that he would no longer be considered a career offender under *U.S. v. Whitley*, 737 Fed. Appx. 147 (4th Cir. 2018). Even if he is correct, that would not entitle him to relief under Amendment 782.

[2] When a sentence is based on the career offender guidelines, Amendment 782 does not support a reduction. See *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010), *abrogated on other grounds as recognized in United States v. Muldrow*, 844 F.3d 434, 442 (4th Cir. 2016).

[3] Kemp cites to *Hughes v. United States*, 138 S. Ct. 1765 (2018), which holds that defendants may seek sentencing reductions even when a sentence was imposed pursuant to a Rule 11(c)(1)(C) plea, if that sentence was based on the federal Sentencing Guidelines range. But the denial of Kemp's motion results from his status as a career offender, not from the fact his sentence was based on a Rule 11(c)(1)(C) plea agreement. Thus, *Hughes* is not applicable to Kemp's motion.