IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | |
| | * | |
| **SHERMAN KEMP,** | * | Criminal No. SAG-12-0104 |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Sherman Kemp, who is presently in Bureau of Prisons' ("BOP") custody serving a sentence imposed by a judge in the Eastern District of Pennsylvania, filed a *pro se* Motion for Compassionate Release in 2021. ECF 52. The Government filed an opposition, ECF 68, and Mr. Kemp filed a reply, ECF 74. Mr. Kemp then filed a new motion for reduction of sentence, citing the same statute, in April of 2023, ECF 75, and then some additional filings seeking the same relief. ECF 79, 80. The Government filed another opposition, ECF 83, and Mr. Kemp filed another reply, ECF 85. Finally, counsel for Mr. Kemp entered an appearance and filed correspondence supporting his motion, ECF 91. This case has recently been transferred to the undersigned judge, who has considered the filings and determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Mr. Kemp's Motion will be administratively terminated with the option for him to move to reopen and renew his motion when he has begun serving the non-consecutive portion of this Court's sentence.

I.      **Factual Background**

On August 26, 2010, a federal judge in the Eastern District of Pennsylvania sentenced Mr. Kemp to thirty years of incarceration for a conspiracy to distribute five kilograms or more of

1

`

cocaine. ECF 817 in *United States v. Sherman Kemp*, Crim. No. 07-CR-00549 (E.D. Pa.) (the "Pennsylvania case"). While serving that sentence at FCI Beckley, West Virginia, Mr. Kemp engaged in a conspiracy to smuggle heroin from Baltimore, Maryland into the prison facility. In November of 2013, Mr. Kemp reached an agreed Rule 11(c)(1)(C) plea with the government, under which he agreed that the appropriate disposition of the Maryland case would be a sentence of 120 months of incarceration, with a period between three to five years to run consecutive to the Pennsylvania sentence, and the remainder to run concurrent. ECF 28. At sentencing, United States District Judge Catherine C. Blake calculated Mr. Kemp's advisory guidelines range, as a career offender, to be 151-to-188 months of incarceration. She then imposed a downward variant sentence in accordance with the parties' plea agreement: a 120-month sentence, with all but 48 months to run concurrent to his existing Pennsylvania sentence. ECF 30. Essentially, Judge Blake sentenced Mr. Kemp to four years for the prison smuggling offense.

Mr. Kemp continues to serve the balance of his much lengthier Pennsylvania sentence. Three months ago, on November 4, 2024, a federal judge in Pennsylvania denied Mr. Kemp's motion to reduce that sentence from thirty years. ECF 1177 in the Pennsylvania case. His counsels' letter suggests that he will complete his Pennsylvania sentence in 2032 and will then begin serving the 48-month consecutive portion of the sentence imposed in this Court. ECF 91 at 5.

**II.    Analysis**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)*; United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023). But as part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI,

§ 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.[1] *Id.* Once a motion is for compassionate release is properly filed, the Court engages in a two-step process: determining whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The Fourth Circuit has held that "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020). The relevant policy statement is U.S.S.G. § 1B1.13, entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" (the "Policy Statement"). The Sentencing Commission recently amended that Policy Statement, with the amendments taking effect on November 1, 2023. Of course, Mr. Kemp filed his motions prior to that date, allowing this Court to review his motions under the pre-amendment version of the U.S.S.G. *See, e.g.*, *United States v. Curtin*, 2023 WL 8258025, at *2 (D. Md. Nov. 29, 2023) (noting that for a motion filed

---

[1] The Government does not contest that this administrative prerequisite has been satisfied. ECF 68 at 4.

`

"before the effective date" of the amended Policy Statement, the Court applies the "version of the manual in effect at the time of filing.").

Before the November, 2023 amendments, the Policy Statement began with the phrase: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for certain enumerated reasons. U.S.S.G. § 1B1.13 (2021). In *United States v. McCoy*, 781 F.3d 271 (2020), the Fourth Circuit determined that the language in the Policy Statement did not encompass motions filed by defendants themselves, meaning that in connection with such motions district courts were "empowered…to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284.

The November 1, 2023 amendments changed the beginning of the Policy Statement to read: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for specified reasons. U.S.S.G. § 1B1.13 (2023) (emphasis added). Thus, the Policy Statement is now expressly applicable to defendant-filed motions, like Mr. Kemp's.

    a.    **Extraordinary and Compelling Circumstances**

To meet the first element for consideration under the First Step Act, then, Mr. Kemp needs to demonstrate extraordinary and compelling circumstances justifying consideration of compassionate release.

This Court finds that, under either the pre-amendment or post-amendment Policy Statements, Mr. Kemp has not demonstrated extraordinary and compelling circumstances justifying consideration of compassionate release at this juncture. Looking first at the post-amendment Policy Statement, Mr. Kemp argues for relief under two different paragraphs. Paragraph 6 allows the court to consider "a change in the law" as an extraordinary and compelling

`

reason, but only under particularized circumstances: where "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" and where the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). That paragraph is inapplicable to Mr. Kemp, as he has not yet even begun to serve his term of imprisonment in this case and certainly has not served at least ten years (which would be the totality of his Maryland sentence).

Mr. Kemp also argues for relief under paragraph 5, which allows a defendant to demonstrate "extraordinary and compelling" circumstances where he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)((5). Paragraphs 1 through 4 discuss terminal medical conditions or medical conditions permanently impacting a defendant's capacity for self-care, his age (if over 65), family circumstances where a defendant is the sole caregiver for a family member, and whether a defendant suffered abuse while incarcerated.

Here, Mr. Kemp has not cited any circumstance or combination of circumstances that are similar in gravity to those described in paragraphs 1 through 4. Mr. Kemp is in his mid-40s and, while he has some chronic medical issues, adduces no evidence that he is unable to receive adequate care or engage in self-care. ECF 74 at 10. He asserts that he has been rehabilitated, but that is not a circumstance "similar in gravity" to those otherwise described in the Policy Statement. Moreover, this Court would not conclude, at this stage, that either Mr. Kemp's health or his rehabilitation contribute to an extraordinary and compelling reason to reduce a sentence that will not effectively begin for another seven years. Innumerable things, both positive and negative, could

`

occur in the intervening period that would alter this Court's analysis of Mr. Kemp's health and/or rehabilitation.

The overwhelming majority of Mr. Kemp's filings in support of his motions for relief discuss the change in law that would now result in a finding that he was not a career offender at the time of his sentencing.[2] Such a "change in law" must be considered pursuant to Paragraph 6. Allowing its consideration as part of the "equivalent severity" analysis under Paragraph 5 would render Paragraph 6 superfluous. Even if Mr. Kemp's career offender status were considered as part of Paragraph 5, though, this Court would not find, in totality, that Mr. Kemp's circumstances are "similar in gravity" to paragraphs 1 through 4. He did not receive a career offender guideline sentence, but an enormous downward variance effectively imposing a 48-month prison term. Thus, neither Paragraph 6 nor Paragraph 5 of the amended Policy Statement supports a finding of extraordinary and compelling circumstances.

As noted above, however, Mr. Kemp is also eligible for consideration under the more liberal pre-amendment Policy Statement as interpreted by the Fourth Circuit in *McCoy,* which allows this Court to consider any reason, individually or in combination, as an extraordinary and

---

[2] This Court again rejects Defendant's contention that he is eligible for an Amendment 782 reduction because he should not have been a career offender, for the reasons Judge Blake stated when she rejected his request for an Amendment 782 reduction in 2021. ECF 49, 50. The relevant Policy Statement is U.S.S.G. § 1B1.10(b)(1) which instructs that the Court, in assessing the applicability of Amendment 782, "shall leave all other guideline application decisions unaffected." Citing that provision, courts have persuasively rejected arguments, like Mr. Kemp makes, asking them to fix an erroneous career offender designation in connection with an Amendment 782 challenge. *See United States v. Pease*, 813 F. App'x 415, 418 (11th Cir. May 8, 2020) ("[B]ecause Amendment 782 did not affect § 4B1.1, the district court was not authorized to correct any errors it made in calculating his Guidelines range under that provision in 1999."); *United States v. Strong*, 744 F. App'x 439, 439–40 (9th Cir. Dec. 3, 2019) ("The district court properly concluded that Strong was ineligible for a reduction because Amendment 782 did not affect his status as a career offender, and therefore did not lower his Guidelines range.").

compelling circumstance. Even under that broad standard, this Court does not find an extraordinary and compelling circumstance or circumstances here.

In conducting this analysis, this Court considers each of the four reasons Mr. Kemp has asserted: his erroneous designation as a career offender, Amendment 782, his medical condition, and his rehabilitation. For purposes of this opinion, this Court will accept, without deciding, Mr. Kemp's argument that he no longer qualifies as a career offender.[3] As noted above, though, he did not receive a career offender sentence of 151 to 188 months, but a sentence of just four years. The difference between the effective sentence Judge Blake imposed and the non-career offender guidelines is modest. And, as noted above, a reduction in sentence pursuant to Amendment 782 is unwarranted.

Mr. Kemp has not provided this Court with any medical records substantiating a serious medical condition that impacts his ability for self-care in a prison setting. Prison medical records submitted by the Government reflect some non-adherence to prescribed medications on Mr. Kemp's part and do not reflect significant ongoing medical symptoms. *See* ECF 68-6.

Finally, Mr. Kemp claims that he has been effectively rehabilitated. Assuming the truth of that assertion, Congress specified that rehabilitation alone cannot be considered an extraordinary and compelling reason for release. 28 U.S.C. § 994(t). While it may be considered as one factor among several considered under § 3582(c)(1)(A), none of Mr. Kemp's other circumstances adds enough to the analysis to permit his rehabilitation to reach an extraordinary and compelling reason.

---

[3] The parties dispute the effect of the amendment to the Sentencing Guidelines on the holding of *United States v. Norman* that conspiracy to commit drug trafficking is not a controlled substance offense. 935 F.3d 232, 239 (4th Cir. 2019). This Court need not decide the issue because it would reach the same result regarding the sentence reduction even if Mr. Kemp is no longer a career offender.

`

And this Court deems it unwise to evaluate Mr. Kemp's health and rehabilitation seven years before he begins serving the consecutive sentence at issue here.

Ultimately, this Court has thoroughly considered Mr. Kemp's arguments about his erroneous career offender designation, his claim to relief under Amendment 782, his medical conditions, and his rehabilitation and has determined that they are not, either individually or in totality, the extraordinary and compelling circumstances required for relief under § 3582(c)(1)(A). Accordingly, Mr. Kemp is presently ineligible for further consideration of compassionate release.

### b. § 3553(a) Factors

Even had Mr. Kemp established an extraordinary and compelling reason entitling him to further consideration, 18 U.S.C. § 3553(a) prescribes the factors the Court must assess in determining whether it should reduce a defendant's sentence. *See United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019); *United States v. Logan*, Crim. No. CCB-10-0203, 2019 WL 3391618 *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need to protect the public from further crimes of the defendant;" (4) "the need for just punishment," and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

The nature and circumstances of this offense are incredibly serious, as the introduction of controlled dangerous substances into the federal prison system poses a grave danger to the community in those facilities. Mr. Kemp has a history of drug trafficking offenses and committed the instant offense while incarcerated. However, he has already served a lengthy portion of his Pennsylvania prison sentence and expresses that he has been on a "path of rehabilitation and redemption." ECF 75 at 5. There is a need to protect the public from further drug trafficking crimes

`

of Mr. Kemp, given his history, and a need to impose just punishment for bringing drugs into federal prisons. Allowing perpetrators of that offense to avoid any consecutive prison time would simply encourage other inmates, and perhaps Mr. Kemp himself, to run the risk of smuggling contraband.

In total, at present, the § 3553(a) factors weigh against reducing Mr. Kemp's sentence, even assuming that he had been able to demonstrate the extraordinary and compelling reason needed to trigger such an analysis. This Court is unable to conclude that a sentence without a meaningful component of consecutive time would satisfy the § 3553(a) factors, and concludes that the 48-month consecutive sentence imposed by Judge Blake is sufficient but not greater than necessary to achieve the purposes of the sentencing statute. However, this Court's analysis of the § 3553(a) factors and whether Mr. Kemp is able to demonstrate an extraordinary and compelling reason justifying consideration of a reduced sentence might change once Mr. Kemp begins serving the consecutive time attributable to his conviction in this Court.

### III. Conclusion

In conclusion, after considering all of the relevant factors, this Court concludes that, at this time, Mr. Kemp has not established an extraordinary and compelling reason to justify a reduction in the sentence he has not yet begun to serve, and that, even if he had, at this point his current sentence is the most appropriate to accomplish the objectives described in 18 U.S.C. § 3553(a). Accordingly, Mr. Kemp's Motions for Compassionate Release, ECF 52, 75, are administratively terminated without prejudice to his moving to reopen the motions and renew his request for

`

compassionate release after serving approximately six months of the consecutive sentence imposed by this Court.[4]

    A separate Order will issue.

DATED: March 5, 2025

                                                                     /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge

---

[4] Of course, this ruling does not indicate what this Court's ruling might be on some future motion and does not constrain Mr. Kemp's ability to seek compassionate release at an earlier time should he be able to satisfy other provisions of the amended Policy Statement. It simply conveys this Court's opinion that based on the arguments he has made to date, under the § 3553(a) factors, a reduction in Mr. Kemp's Maryland sentence will not be appropriate until he has at least begun active service of that sentence. Permitting the motions to be terminated and reopened, rather than simply denying them, will allow Mr. Kemp to preserve his argument that the Court should apply the pre-amendment Policy Statement, unless there are further developments in the law before the motions are reopened.